[Crim. No. 295.  First Appellate District.—October 5, 1910.]

## Ex Parte J. L. BOHANNON, on Habeas Corpus.

Habeas Corpus—Imprisonment for Practice of Medicine Without
Authority—Proviso in Act—"Treatment by Prayer."—A de-
fendant imprisoned under a conviction for unlawfully practicing
medicine without authority, as provided in the "Act for the Regula-
tion of the Practice of Medicine and Surgery," etc., passed in
1907 (Stats. 1907, p. 252), is not entitled to be released on *habeas
corpus* merely because of a proviso in the act "that nothing herein
shall be held to apply to or to regulate any kind of treatment by
prayer."

Id.—Constitutional ·Law—Validity of Proviso—General Excep-
tion.—The proviso cannot invalidate or render unconstitutional the
whole act, since the immunity granted thereby is general and allows
every person, man, woman or child, such immunity, in the exercise
of the right to pray for the sick and afflicted, which is the only
way that disease can be treated by prayer.  The proviso or excep-
tion was evidently put into the act to prevent any interference with
the right of anyone to pray for the sick and afflicted, without re-
gard to its effectiveness as a "treatment by prayer."

PETITION for writ of *habeas corpus*.

Gibson & Woolner, H. A. Stout, and Burton J. Wyman, for
Petitioner.

COOPER, P. J.—Petitioner desires to have a writ of *habeas
corpus* to obtain his release from imprisonment under a judg-
ment rendered in a court of competent jurisdiction, convicting
him of unlawfully practicing medicine without having a li-
cense or a valid unrevoked certificate authorizing him to prac-
tice medicine, contrary to the provisions of the law in such
case made and provided.

The act under which the petitioner was convicted is en-
titled "An Act for the regulation of the Practice of Medicine
and Surgery, Osteopathy, or other system or means of treat-
ing the sick or afflicted in the State of California; for the ap-
pointment of a Board of Medical Examiners in the matter of
said regulation."  (Stats. 1907, p. 252; General Laws, [1910,
p. 609], Act 2163.)  The act concludes with the following

14 Cal. App.—21

exception or proviso: "Provided that nothing herein shall be held to apply or to regulate any kind of treatment by prayer."

It is claimed that the latter exemption makes the whole act unconstitutional and void, and that it gives to a certain class of persons, to wit, those who treat physical ills by prayer, privileges and immunities which "under like conditions are not granted to all citizens."

We do not so construe the section. If prayer can be regarded as practicing medicine and as an immunity, the act allows every person—man, woman or child—such immunity, and the right to pray for the sick and afflicted, and that is the only way that disease can be treated by prayer. Whether such treatment avails anything or not is not for us to say; but the privilege of practicing such treatment or such supplication is granted and allowed to all. A prayer is only a reverent petition to some divinity or object of worship. It has been said, "More things are wrought by prayer than this world dreams of." Those who believe in the teachings of holy writ attach great importance to the efficacy of prayer. Many examples of it are given in the New Testament. For instance, where Peter's wife's mother lay sick of a fever we are told that the Saviour "touched her hand and the fever left her, and she arose and ministered unto them." The proviso or exception was evidently put into the act to prevent any interference with the right of anyone to pray for the sick and afflicted.

Writ denied.

Hall, J., and Kerrigan, J., concurred.